United States District Court
Southern District of Texas
**ENTERED**
April 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAULETTE M. GUAJARDO, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00111 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXAS, | § | |
| Defendant. | § | |

## **ORDER**

Pending before the Court is an application for a temporary restraining order (Dkt. 1) filed by Plaintiff Paulette Guajardo ("Guajardo") against Defendant City of Corpus Christi, Texas (the "City"). Considering Plaintiff's motion and the applicable law, the Court **GRANTS** the motion.

The decision to grant or deny injunctive relief is committed to the district court's discretion. *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985). The purpose of a temporary restraining order ("TRO") is "to preserve the status quo until there is an opportunity to hold a hearing." 11A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2951 (3d ed. 2005). "A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief, which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644-45 (N.D. Tex. 2021) (internal quotation marks and citation omitted).

To be entitled to a Temporary Restraining Order, Guajardo must satisfy each of the following factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest. *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017). As the Fifth Circuit has repeatedly cautioned, "a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion on all four requirements.'" *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

Guajardo alleges claims under 42 U.S.C. § 1983 for procedural and substantive due process violations. (Dkt. 1 at pp. 16 – 20). The first factor, a showing of a substantial likelihood of success on the merits, does not require that the movant prove her case. *Lakedreams v. Taylor*, 932 F.2d 1103, 1109 n.11 (5th Cir. 1991). Even some likelihood of success can be enough to support the issuance of a preliminary injunction. *See Productos Carnic, S.A. v. Cent. Am. Beef and Seafood Trading Co.*, 621 F.2d 683, 686 (5th Cir. 1980) ("Where the other factors are strong, a showing of some likelihood of success on the merits will justify temporary injunctive relief."). The Court finds that Guajardo has demonstrated the requisite likelihood of success on the merits of her claims to support temporary injunctive relief.

The Court finds that Guajardo has sufficiently demonstrated each of the four factors needed to support granting her motion. A Temporary Restraining Order is necessary under these circumstances to support the status quo until the Court can hold a hearing.

The Court **GRANTS** Guajardo's application for a Temporary Restraining Order.

The Court **ORDERS** that the City is hereby **TEMPORARILY RESTRAINED** from:

- Taking any vote or action at the April 14, 2026, City Council meeting to suspend Guajardo from her elected office;

- Implementing or enforcing any suspension of Guajardo without first providing a constitutionally sufficient pre-deprivation hearing; and

- Taking any action to deprive Guajardo of the authority of her office absent compliance with the requirements of due process under the Fourteenth Amendment.

The Court **ORDERS** the City to file its response **by Tuesday, April 14, 2026, at 12:00 PM.**

The parties are **ORDERED** to a hearing on Guajardo's request for preliminary injunction on **Wednesday, April 15, 2026, at 9:30 AM**. This order will expire at 5:00 p.m. on April 27, 2026. The Court will not require Plaintiff to post security at this time.

SIGNED at Houston, Texas on April 13, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE