United States District Court
Southern District of Texas

**ENTERED**

July 14, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAULETTE M. GUAJARDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-111 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXAS, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court are two motions to dismiss, one filed by Defendant City of Corpus Christi ("the City") and the other filed by Defendants Carolyn Vaughn; Gil Hernandez; Sylvia Campos; Kaylynn Paxson; and Eric Cantu ("the City Council Defendants"). (Dkt. 38; Dkt. 43). Defendants' motions are **GRANTED IN PART AND DENIED AS MOOT IN PART**. Plaintiff Paulette Guajardo's ("Guajardo") claims under federal law are **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 12(b)(6). The Court declines to exercise supplemental jurisdiction over Guajardo's claims under Texas state law, and those claims are **DISMISSED WITHOUT PREJUDICE**. All other pending motions are **DENIED AS MOOT**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Corpus Christi is a home-rule city, and Guajardo is its current mayor. (Dkt. 22 at pp. 1, 9). Defendants are the City and five members of its council. (Dkt. 22 at pp. 1–2).

Article II, Section 1 of the City's charter provides that the City's council consists of eight council members and the mayor.[1] Article II, Section 11 of the City's charter ("Section 11") allows registered voters to petition for the removal of a council member. Under Section 11, a petition for removal filed by five or more registered voters obligates the council to institute a removal action. Section 11 gives the challenged council member "the right to written articles of impeachment, an opportunity to be heard, to be represented by counsel, to summon witnesses who shall be required to give testimony, and to reasonable advance notice of the hearing[.]" The burden of proof is on those bringing the charges, and removal hearings are open to the public. Removal requires a majority vote of all council members holding office, except for the challenged member. While the removal charges are pending, the council may suspend the challenged member for a period not exceeding 30 days; such a suspension requires a majority vote of all council members holding office, except for the challenged member.

The full text of Section 11 reads:

---

[1] The Court accessed the City's charter at the following URL:
https://library.municode.com/tx/corpus_christi/codes/code_of_ordinances?nodeId=PTICH_ARTIICICO_INGE.

**Sec. 11. Removal.**

(a)   A council member shall be subject to removal by the council or by any other means authorized by law for:

    (1)   Willful violation of any code of ethics or conflicts of interest provision under state or federal law or city ordinance.

    (2)   Willful violation of any express prohibition of this Charter.

    (3)   Misconduct, malfeasance, incompetence, inability or willful neglect in performance of official duties.

    (4)   Conviction of any felony, or any misdemeanor involving moral turpitude.

    (5)   Failing to maintain any residency requirement provided by law.

    (6)   Absence from three consecutive regular council meetings without leave of absence first had, except due to circumstances over which the council member had no control.

(b)   A removal action by the council may be instituted on its own initiative, or shall be instituted upon petition by five or more registered voters, and any final decision to remove a member shall be by the majority vote of all council members holding office, with the exception of the challenged member. The council may provide by ordinance for the referral of any disciplinary matter involving a council member to the ethics commission for recommendation. The challenged member shall have the right to written articles of impeachment, an opportunity to be heard, to be represented by counsel, to summon witnesses who shall be required to give testimony, and to reasonable advance notice of the hearing The burden of proof shall be on those bringing the charges. The hearing shall be open to the public, and the conclusions and findings of the council shall be final. If the member is removed, a complete statement of the reasons therefor shall be filed with the city secretary. The council shall additionally have the authority to reprimand or suspend a member for a period of not more than thirty days if removal is not warranted.

(c)   Pending charges for removal, the council may suspend the challenged member from office for a period not exceeding thirty days by the majority vote of all council members holding office, with the exception of the challenged member.

(d)   Commission of any of the violations specified in subparagraphs (1) through (5) above shall additionally be grounds for forfeiture of office in proceedings pursuant to state law.

(e)   A member who is removed from office, whether pursuant to this section, by recall or other legal proceeding, or who resigns after any such proceedings have been initiated, shall not be eligible to be appointed to or run as a candidate for city office for two years from the date of removal, recall or resignation.

In her live complaint, Guajardo alleges that seven Corpus Christi voters filed a petition to remove her based on allegations—which she vehemently denies—that she knowingly allowed a private developer to secure $2,000,000.00 in funds from the City by making a misleading presentation to the City's council. (Dkt. 22 at pp. 6–7; Dkt. 22-7). The City's council then commenced removal proceedings, which remain ongoing. (Dkt. 22 at pp. 7–8).

Guajardo has sued Defendants under 42 U.S.C. § 1983 ("Section 1983") and Texas state law. (Dkt. 22 at pp. 13–18). Guajardo has amended her pleading once; and in her live

pleading she seeks an injunction permanently barring Defendants from continuing the removal proceedings against her, a judicial declaration that the removal proceedings are *ultra vires* and void, and attorney's fees. (Dkt. 22 at pp. 18–21). Defendants have moved to dismiss this lawsuit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. 38; Dkt. 43).

## RULE 12(b)(6)

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

Furthermore, "a complaint may be dismissed if it clearly lacks merit—for example, where there is an absence of law to support a claim of the sort made." *Thurman v. Medical Transportation Management, Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (quotation marks omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## ANALYSIS

The Court concludes that Guajardo has failed to state a legally cognizable federal claim. Accordingly, the Court will dismiss Guajardo's federal claims and will decline to exercise supplemental jurisdiction over her state-law claims.

—*Section 1983*

Guajardo brings her federal claims under Section 1983. "To state a claim under §1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995). Guajardo has not sufficiently pled the first element of her Section 1983 claims.

i.     Procedural and Substantive Due Process

First, Guajardo claims a violation of her rights under the procedural and substantive due process components of the Fourteenth Amendment's Due Process Clause. (Dkt. 22 at p. 13). "Procedural due process requires the government to follow appropriate procedures before it deprives a person of an interest in life, liberty, or property; substantive due process ensures that, regardless of the fairness of the procedures used, the government does not use its power for oppressive purposes." *Patterson v. Defense POW/MIA Accounting Agency*, 398 F. Supp. 3d 102, 116 (W.D. Tex. 2019). "In other words, procedural due process guarantees that a state proceeding which results in a deprivation of property is fair, while substantive due process ensures that such state action is not arbitrary and capricious." *Id.* (brackets and quotation marks omitted).

A claim under either component of the Due Process Clause requires a plaintiff to establish "a liberty or property interest that is entitled to due process protection." *McIntosh v. Barbour*, No. 4:10-CV-72, 2010 WL 5169045, at *4 (N.D. Miss. Dec. 14, 2010); *see also Atkinson v. Pustilnik*, No. 4:22-CV-4315, 2025 WL 2856557, at *9–10 (S.D. Tex. Oct. 8, 2025) ("To prevail on either claim, Ms. Atkinson must establish a protected interest."). "It is a well-established principle, however, that public officials do not have a property interest or right to hold elected office." *McIntosh*, 2010 WL 5169045 at *4; *see also Snowden v. Hughes*, 321 U.S. 1, 7 (1944) ("More than forty years ago this Court determined that an unlawful denial by state action of a right to state political office is not a denial of a right of property or of liberty secured by the due process clause."); *Wilson v. Birnberg*, 667

6 / 12

F.3d 591, 597–98 (5th Cir. 2012), *cert. denied*, 567 U.S. 936 (2012) ("[W]e continue to hold that public office does not constitute property within the meaning of the Due Process Clause."); *Gosey v. City of Forest Hill, Texas*, No. 4:11-CV-47, 2011 WL 2883639, at *1– 2 (N.D. Tex. July 15, 2011) ("By this action, plaintiff, the mayor of City, seeks to hold City liable for injuries he allegedly suffered in connection with his suspension from office in December 2010. . . . Because he is an elected official, plaintiff has no property interest in his position as mayor.").

Under binding authority from the Fifth Circuit and the United States Supreme Court, as well as highly persuasive authority from other federal district courts, the Court concludes that Guajardo's factual allegations have not established a property interest in her position as mayor that is entitled to federal due process protection. *See Wilson*, 667 F.3d at 597–98; *Gosey*, 2011 WL 2883639 at *1–2; *see also Broze v. State*, No. 15-24-00020-CV, 2024 WL 4676452, at *2 (Tex. App.—15th Dist. Nov. 5, 2024, pet. denied). Accordingly, the Court concludes that Guajardo has failed to state a claim under the procedural and substantive due process components of the Fourteenth Amendment's Due Process Clause.

    ii.    <u>Equal Protection</u>

Guajardo also claims a violation of her rights under the Fourteenth Amendment's Equal Protection Clause. (Dkt. 22 at p. 18). Specifically, Guajardo brings a "class of one" equal protection claim.

A plaintiff bringing a class-of-one equal protection claim must allege "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S.

7 / 12

562, 564 (2000). "Being similarly situated is key. Because the clause's protection reaches only dissimilar treatment among similar people, if the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action does not deny equal protection of the laws." *Hines v. Quillivan*, 982 F.3d 266, 272–73 (5th Cir. 2020) (quotation marks omitted). To determine whether persons or groups are similarly situated, the Court must "inquire as to whether they are in all relevant respects alike." *Texas Entertainment Association, Inc. v. Hegar*, 10 F.4th 495, 513 (5th Cir. 2021) (quotation marks omitted). As the Seventh Circuit aptly phrased it in a class-of-one case, "[i]t is clear that similarly situated individuals must be very similar indeed." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004). Because there is no suspect class involved, a class-of-one plaintiff must show that there is no "reasonably conceivable state of facts that could provide a rational basis for the classification." *Integrity Collision Center v. City of Fulshear*, 837 F.3d 581, 589 (5th Cir. 2016). "Moreover, the State need not articulate its reasoning at the moment a particular decision is made. Rather the burden is on the challenging party to negative any reasonably conceivable state of facts that could provide a rational basis." *Id.* (quotation marks omitted).

In support of her equal protection claim, Guajardo contends that the removal proceedings against her constitute "selective prosecution . . . for conduct in which the entire City Council participated." (Dkt. 22 at p. 18). However, the facts pled by Guajardo do not show that Guajardo and the other members of the City's council are alike in all relevant respects; if nothing else, Guajardo, unlike the other council members, is the subject of a citizen-initiated removal petition that accuses her of knowingly allowing a private

8 / 12

developer to procure $2,000,000.00 in City funds by making false statements to the City's council. By the same token, the facts pled by Guajardo fail to show that the removal proceedings against her lack a rational basis. Accordingly, the Court concludes that Guajardo has failed to state a claim under the Equal Protection Clause.

### iii.      First Amendment Retaliation

Guajardo also brings a First Amendment retaliation claim. (Dkt. 22 at p. 16).

In order to successfully establish a First Amendment retaliation claim, Guajardo must show that: (1) she was engaged in Constitutionally protected activity; (2) Defendants' actions "caused [her] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity[;]" and (3) Defendants' actions "were substantially motivated against [her] exercise of [C]onstitutionally protected conduct." *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). To prevail on such a claim, a plaintiff must show that the government defendant's "retaliatory animus" was a "but-for cause" of the plaintiff's subsequent injury, "meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Batyukova v. Doege*, 994 F.3d 717, 730 (5th Cir. 2021) (quotation marks omitted). "A First Amendment retaliation claim fails if the action would have been taken anyway." *Id.* (quotation marks omitted).

The facts pled by Guajardo fail to show that the removal proceedings against her were substantially motivated against her exercise of Constitutionally protected conduct. To the contrary, the removal proceedings were, again, initiated by a petition filed by seven Corpus Christi voters that accuses Guajardo of knowingly allowing a private developer to procure $2,000,000.00 in City funds by making false statements to the City's council.

9 / 12

Guajardo pleads, in conclusory fashion, that the seven voters who filed the removal petition "were guided to do so by" unnamed "disgruntled parties currently in litigation with the City," but she does not allege that the seven voters who filed the removal petition were working on behalf of Defendants. (Dkt. 22 at p. 17). Moreover, Guajardo does not specify exactly which Constitutionally protected conduct supposedly motivated Defendants to target her. Under the facts as pled, the removal proceedings would have been initiated absent any retaliatory motive on the part of Defendants. Accordingly, the Court concludes that Guajardo has failed to state a claim under the First Amendment.

*—Texas state law*

Guajardo states one cause of action under Texas state law—an *ultra vires* claim alleging that Defendants "lack legal authority to continue to pursue removal proceedings under the City Charter, or any other law." (Dkt. 22 at pp. 15–16). Under Texas law, a "plaintiff may bring an *ultra vires* claim against a government official in certain narrow instances, such as when she violates statutory or constitutional provisions." *Martin v. Burgess*, 173 F.4th 646, 653 (5th Cir. 2026) (brackets, quotation marks, and citations omitted). "To succeed on an *ultra vires* claim, a plaintiff must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* (quotation marks omitted).

Having dismissed all federal causes of action in this case, the Court will decline to exercise supplemental jurisdiction over Guajardo's claims under Texas state law and will deny as moot Defendants' motions to dismiss those claims. Federal district courts have the discretion to decline to exercise supplemental jurisdiction over state-law claims; that

discretion is guided by the statutory factors set forth in 28 U.S.C. § 1367(c) and the common-law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

The factors listed in 28 U.S.C. § 1367(c) are:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"These interests are to be considered on a case-by-case basis, and no single factor is dispositive." *Mendoza*, 532 F.3d at 346. The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Based on its consideration of the statutory and common-law factors, the Court will follow the general rule, decline to exercise supplemental jurisdiction over Guajardo's claims under Texas law, and dismiss those claims without prejudice. *See Kemp v. Powers*, No. 25-30024, 2025 WL 1898365, at *2, 6 (5th Cir. July 9, 2025).

## CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (Dkt. 38; Dkt. 43) are **GRANTED IN PART** and **DENIED AS MOOT IN PART**. Plaintiff Paulette Guajardo's claims under federal law are **DISMISSED WITH PREJUDICE** under Federal Rule of

Civil Procedure 12(b)(6). The Court declines to exercise supplemental jurisdiction over Guajardo's claims under Texas state law, and those claims are **DISMISSED WITHOUT PREJUDICE**. All other pending motions are **DENIED AS MOOT**.

SIGNED at Houston, Texas on July 14, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE